IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHEET METAL WORKERS LOCAL       *
100 (BALTIMORE AREA)            *
HEALTH AND WELFARE FUND et al.  *
                                *
v.                              *    Civil Action No. WMN-11-3716
                                *
WARREN-EHRET COMPANY OF         *
MARYLAND, INC.                  *
                                *

* * * * * * * * * * * * * * * *

## MEMORANDUM & ORDER

Plaintiffs are various employee benefit plans that brought this action on or about December 23, 2011, alleging that Defendant Warren-Ehret Company of Maryland, Inc. (Warren-Ehret) failed to make certain deductions and contributions that were required under a collective bargaining agreement. After Warren-Ehret failed to respond to the Complaint, the Court entered default judgment against it on July 24, 2012, in the amount of $14,189.32. The Court then issued, and Plaintiffs served, a writ of garnishment on the Baltimore City Public Schools (City Schools) and, on or about June 11, 2013, City Schools answered the garnishment stating that it was indebted to Warren-Ehret in the amount of $101,763.87 for work performed by Warren-Ehret under one or more contracts. ECF No. 15. On that same date, Plaintiffs filed a motion for judgment against City Schools, as

garnishee, in the amount of $11,773.62.[1]  The Court granted that motion for judgment on June 12, 2013.  ECF No. 17.

Westfield Insurance Company (Westfield) moved to intervene in this action on June 24, 2013, representing that, on or about June 16, 2008, Warren-Ehret and others entered into an indemnity agreement in favor of Westfield as a condition precedent to Westfield's issuance of certain performance and payment bonds on Warren-Ehret's behalf.  ECF No. 18.  In reliance upon the execution of that indemnity agreement, Westfield issued various performance bonds to secure Warren-Ehret's performance of several construction contracts, including a project for City Schools for the replacement of a roof on one of its schools.  Warren-Ehret defaulted on that project by failing to fully pay all subcontractors and suppliers which resulted in Westfield incurring payment bond losses in excess of $100,000.

Westfield asserts that, under the terms of the indemnity agreement referenced above, it retained a perfected security interest in any and all sums that may be due under the subject construction contracts in which Warren-Ehret has an interest.  On or about December 9, 2011, Westfield filed the indemnity agreement as a UCC-1 financing statement.  On this basis, Westfield maintains that its perfected security interest

---

[1] By that time, Warren-Ehret had made some payments on the judgment.

encompasses the funds that are the subject of the garnishment order.

The Court granted the motion to intervene, and now pending is Westfield's "Motion to Alter or Amend Judgment, or to Reconsider June 12, 2013 Order." ECF No. 26. In this motion, Westfield argues that its interest in these subject funds is superior to those of Plaintiffs in that it filed the indemnity agreement as a financing statement well before Plaintiffs obtained the default judgment in this action. Because Westfield was not a party to this action prior to the entry of the garnishment order, and thus had no standing to protect that interest, it maintains that, under Rule 59(e) of the Federal Rules of Civil Procedure, the Court's June 12, 2013, Order should be amended or vacated to account for the new evidence of its superior interest and to prevent manifest injustice.

Plaintiffs filed a bare-bones, pro forma opposition to Westfield's motion, suggesting that Westfield failed to: (1) establish the amount of its claim or to perfect its security interest pursuant to Md. Code Ann., Com. Law § 9-312; (2) establish that notice of its claim was provided to the garnishee in accordance with Md. Code Ann., Com. Law § 9-322; (3) prove its security interest attached to the subject funds in accordance with Md. Code Ann., Com. Law § 9-203; and (4) prove that its interest in the contract funds is superior to the

3

Plaintiffs' interest.  ECF No. 27 at 1-2.  Aside from simply stating these propositions, Plaintiffs provide no factual support or argument for those propositions.  The Court finds Plaintiffs' arguments have no merit and concludes that Westfield's motion should be granted.

Under § 9-308(a) of Maryland's Commercial Law Article, a security interest is perfected, subject to exceptions not relevant here, if it has attached and the applicable requirements for perfection in §§ 9-310 through 9-316 have been satisfied.  Westfield's security interest attached to the subject funds through the execution of the indemnity agreement because, in exchange for that agreement, Westfield issued performance bonds that allowed Warren-Ehret to obtain the contract for which those funds were earned.  That interest was perfected when Westfield met the requirements of § 9-310(a) by filing the agreement as a financing statement.  That filing also served to give notice to other creditors or potential creditors that another may have a security interest in those funds.  Because the agreement was filed well before the default judgment was entered in this case, Westfield's interest has priority over Plaintiffs' claim.  <u>See</u> Md. Code Ann., Com. Law § 9-317(a)(2)(A).  Plaintiffs provide no reason why these general principles should not apply in this instance.

Accordingly, it is this 11th day of March, 2014, by the United States District Court for the District of Maryland, ORDERED:

(1) That this Court's Order granting default judgment in favor of Plaintiffs, ECF No. 17, is hereby VACATED; and

(2) That the Clerk of Court shall transmit a copy of this Memorandum and Order to all counsel of record.

```
_____/s/_____
```
William M. Nickerson
Senior United States District Judge