```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


SHEET METAL WORKERS LOCAL       *
100 (BALTIMORE AREA)            *
HEALTH AND WELFARE FUND et al.  *
                                *
v.                              *   Civil Action No. WMN-11-3716
                                *
WARREN-EHRET COMPANY OF         *
MARYLAND, INC.                  *
                                *

 *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM AND ORDER**

This action has been closed for over two years. What started out as an action to collect unpaid contributions under various collective bargaining agreements has now evolved into a dispute between two new parties over amounts allegedly owed under a particular construction contract and bonding agreement. Plaintiffs, who filed this action in December of 2011, were the trustees of various union benefit plans. The suit was filed against Defendant Warren-Ehret Company of Maryland, Inc. (Warren-Ehret), a construction company that allegedly failed to make certain deductions and contributions under those benefit plans. After Warren-Ehret failed to answer the Complaint, a default judgment was entered against it on July 24, 2012, in the amount of $14,189.32.

On October 2, 2012, a writ of garnishment was issued to the Baltimore City Public Schools (BCPS) for any property of Warren-

Ehret that BCPS might have in its possession. On June 11, 2013, BCPS answered the writ and acknowledged that it was indebted to Warren-Ehret in the amount of $101,763.87 for work performed under one or more contracts between Warren-Ehret and BCPS. ECF No. 15. Also on June 11, 2013, Plaintiffs filed a motion seeking a judgment of $11,773.62[1] against BCPS, ECF No. 16, which the Court granted the next day. ECF No. 17.

On or about June 24, 2013, Westfield Insurance Company (Westfield) moved to intervene in this action, asserting that it had a prior perfected security interest in the funds held by BCPS and owed to Warren-Ehret. This security interest arose out of an indemnity agreement entered into in June of 2008 and associated with a contract between Warren-Ehret and BCPS under which Warren-Ehret was to replace the roof on BCPS's Harlem Park Middle School #35 (the Harlem Park Project). Warren-Ehret defaulted on the Harlem Park Project and, as a result, Westfield maintains that it incurred payment bond losses exceeding $100,000. The Court granted Westfield's motion to intervene, and subsequently vacated the Order granting default judgment in favor of Plaintiffs and against Warren-Ehret for the $11,773.62 in delinquent contributions. ECF No. 29.

---

[1] Subsequent to the issuance of the garnishment, Plaintiffs had received some payments from Warren-Ehret, thus reducing the amount for which the judgment was requested.

After this Court vacated the default judgment, Westfield attempted to persuade BCPS to release the full $101,763.87 that, in the answer to the writ of garnishment, BCPS acknowledged that it owed Warren-Ehret.  When those efforts proved unsuccessful, Westfield filed a Motion to Compel Release of Contract Funds Subject to Prior Perfected Security Interest.  ECF No. 31.  BCPS has opposed that motion, noting that it has a suit pending in the Circuit Court for Baltimore City against Warren-Ehret and Westfield for its own claims arising out of the Harlem Park Project.  <u>Baltimore City Bd. of Sch. Comm'rs v. Warren-Ehret Co. of Md., Inc.</u>, Civ. No. 24-C-14-002142.[2]  In that suit, BCPS asserts that Warren-Ehret owes it an amount in excess of $900,000 for performance failures on the Harlem Park Project, and that Westfield is bound to pay that amount to BCPS under the terms of a performance and payment bond.  BCPS suggests that it is the state court suit and not this present proceeding that is the appropriate forum to litigate Westfield's entitlement to the funds it seeks here through its motion to compel.

   The Court agrees.  There is no dispute that Westfield can assert the claim it advances here in the state court action as either a defensive claim or a counterclaim.  The state court

---

[2] That case was removed to this Court on July 18, 2014, but Judge Ellen Hollander recently remanded the case to the State court for lack of jurisdiction.  <u>Baltimore City Bd. of Sch. Comm'rs v. Warren-Ehret Co. of Md., Inc.</u>, Civ. No. ELH-14-2306 (D. Md. Nov. 12, 2014).

action involves all the same parties and much of the same evidence.  Furthermore, it is doubtful that this Court has jurisdiction over Westfield's full claim.  While Westfield argues in its reply memorandum that "this Court has already reviewed, and ruled on, competing priorities with respect to the very same Contract Funds now at issue," ECF No. 36 at 3, this Court, in vacating the default judgment, addressed only the relative priority in a portion of those funds as between Westfield's security interest and Plaintiff's judgment lien.  This Court has made no ruling as between Westfield and BCPS.

Accordingly, it is this 2nd day of December, 2014, by the United States District Court for the District of Maryland, ORDERED:

(1) That Westfield's Motion to Compel Release of Contract Funds Subject to Prior Perfected Security Interest, ECF No. 31, is DENIED; and

(2) That the Clerk of Court shall transmit a copy of this Memorandum and Order to all counsel of record.

```
              _____/s/_____
              William M. Nickerson
              Senior United States District Judge
```